**BRIGGS & STRATTON CORPORATION, a Delaware corporation, and Michael Hamilton, Plaintiffs,**

v.

**Malcolm BALDRIGE, Secretary of the United States Department of Commerce, Lionel H. Olmer, Under Secretary for International Trade, United States Department of Commerce, William French Smith, Attorney General of the United States, and Ronald Reagan, President of the United States, Defendants.**

No. 80–C–721.

United States District Court,
E. D. Wisconsin.

Aug. 4, 1982.

Quarles & Brady by Elwin J. Zarwell, Samuel J. Recht, Carolyn A. Gnaedinger, Joan P. Clark, Milwaukee, Wis., for plaintiffs.

Joseph P. Stadtmueller, U. S. Atty., Milwaukee, Wis., Cecil Hunt, Asst. Gen. Counsel, Neil H. Koslowe, Sp. Counsel, Pamela P. Breed, Asst. Gen. Counsel, Dept. of Justice, Washington, D. C., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved for reconsideration of this court's order dated May 10, 1982, granting summary judgment in favor of the defendants and dismissing the plaintiffs' action. 539 F.Supp. 1307. The present motion is based on the plaintiffs' claim that in that order I held that the defendants had not abridged the plaintiffs' *commercial* speech but I failed to rule on whether the plaintiffs' first amendment rights to publish *conventional* speech had been impinged.

■ The defendants present two threshold questions, neither of which is challenged by the plaintiffs. First, the defendants note that the plaintiffs' motion for reconsideration is brought under Rule 59, Federal Rules of Civil Procedure, which does not contemplate relief when the issue presented could have been, but was not, raised previously. *Echevarria v. U. S. Steel Corp.*, 392 F.2d 885, 892 (7th Cir. 1968). Secondly, the defendants point out that Briggs, in its original briefs, contended that in responding to the boycott questionnaire, it was engaging in "a straightforward act of commercial speech." Thus, the defendants accuse Briggs of blatant inconsistency in now suggesting that their conduct was not commercial speech but rather was also designed to accomplish other purposes, including that of informing the public of the scope of its business.

The defendants, in their reply brief, have not responded to either of the threshold questions referred to above. Nevertheless, I prefer to advert to the merits of the plaintiffs' motion.

■ Although they now claim that their response to the boycott questionnaire was protected "conventional" speech, it is clear to me that the plaintiffs were more accurate when they previously asserted that their responses were "commercial" speech. True, I did not purport to resolve the issue from the standpoint of "conventional" speech, primarily because the plaintiffs then argued that the issue involved was protected commercial speech. In their present stance, the plaintiffs not only contradict their previous position, but, more seriously, they defy good sense. It is irresistibly obvious that the plaintiffs' responses to the questionnaire were calculated to further Briggs' business relations with certain countries rather than to enlighten the general public, or to edify society.

My conclusion that the case at bar does in fact involve only commercial speech makes it unnecessary to resolve whether the plaintiffs' alleged conventional speech rights were abridged. However, were the latter question germane, I would find no constitutional intrusion. Similarly, although the two threshold questions need not be decided, I believe the defendants' position correct on both of them.

Therefore, IT IS ORDERED that the plaintiffs' motion for reconsideration be and hereby is denied.